**In re AKF FOODS, INC., f/k/a American Kitchen Foods, Inc., Debtor.**

**Bankruptcy Nos. 185–00351, 183–31951–21.**

**Misc. No. 86–007–P.**

United States District Court, D. Maine.

March 24, 1986.

See also 36 B.R. 288.

Robert J. Keach, P. Benjamin Zuckerman, John W. Philbrick, David C. Hillman,

Verrill & Dana, Portland, Me., for plaintiff's Creditors Committee.

James B. Haines, Jr., Hewes Douglas Whiting & Quinn, Portland, Me., Duane D. Fitzgerald, Constance P. O'Neil, Fitzgerald, Donovan & Conley, Bath, Me., for debtor, AKF Foods:

Jonathan S. Piper, Robert Checkoway, Preti, Flaherty & Beliveau, Portland, Me., Mary Grace Diehl, Inc., Evan Appel, Erza H. Cohen, Troutman, Sanders, Lockerman & Ashmore, Atlanta, Ga., for defendants Sales-Pak, Inc., Douglas P. (and) Gibson, Calvin G. Canedy, Frederick W. Everett, Raymond Lamoreau, Northern Potato Storage.

Gerald E. Rudman, David C. King, Robert E. Sutcliffe, Rudman & Winchell, Bangor, Me., for defendants McCain Foods, Inc. and McCain Foods, Ltd.

Robert M. Knight, Harrison L. Richardson, Richardson, Tyler & Troubh, Portland, Me., for Parker, Chapin, Flattau and Klimpl.

George F. Burns, Ann T. Hollyday, Joanne F. Cole, Amerling & Burns, Portland, Me., for defendant Gerald F. Donovan.

Thomas H. Allen, Daniel Amory, Drummond Woodsum Plimpton & MacMahon, Portland, Me., for defendants Jules Salzbank, Julius J. Valente, Jr., and Linda Schwab.

## ORDER

GENE CARTER, District Judge.

Presently before the Court is a Motion for Withdrawal of Reference of Bankruptcy Proceeding pursuant to 28 U.S.C. § 157(d), filed by Manuel Yellen, Martin R. McHugh, and Alan J. Fischl.[1] The Court concludes that there is not sufficient cause

---

1. Similar motions were filed by: (1) Jules Salzbank, Julius J. Valenti, Jr., Linda Schwab, and Parker Chapin, Flattan & Klimpl; (2) McCain Foods, Inc. and McCain Foods, Limited. In addition, Sales-Pak, Gibson, Canedy, Everett, Northern Potato, Lamoreau, and Gerald Donovan join in the Yellen, McHugh and Fischl Motion for Withdrawal of Reference. Since all three motions seek the same thing and the Movants rely on a single brief, this ruling will apply to all three motions.

for withdrawal of the reference and, therefore, the motion is DENIED.

This motion is related to a voluntary Chapter 11 petition originally filed with the Bankruptcy Court for the Eastern District of New York on October 12, 1983. On September 9, 1985, that Court entered an Order Confirming Plan of Liquidation ("Confirmation Order") which, among other things, contained a provision that the Official Creditors Committee ("Committee") interprets as granting the Committee an exclusive right to pursue some or all causes of action of the Debtor and which transferred venue of the case to the Maine Bankruptcy Court. On October 31, 1985, the Committee filed in this Court an action ("the Action") against former officers and directors of the Debtor and others, alleging breach of fiduciary duty, preferences, fraudulent conveyances and other causes of action. On January 9, 1986, the Committee filed with the Maine Bankruptcy Court a Motion For an Order Permitting the Creditors' Committee To Take Possession of Debtor's Documents and Records, etc. ("Records Proceeding") based upon its contention that it had the exclusive standing and authority to pursue claims on behalf of the Debtor.

The Records Proceeding is the subject of the present Motion for Withdrawal of Reference. Movants contend that the Records Proceeding should be withdrawn because leaving it in the Bankruptcy Court will result in wasteful duplication of effort, needless confusion and repeated delays in the disposition of the Action filed in this Court. Specifically, they argue that the Records Proceeding and the Action involve common questions of law and fact, that any order entered by the Bankruptcy Court in the Records Proceeding would affect discovery in the Action, and that since this Court is the court of appeal for the Maine Bankruptcy Court, it would expedite the bankruptcy case and the Action to hear the Records Proceeding in this Court in the first instance.

With respect to the contention that the Records Proceeding and the Action involve common questions of law and fact, the Movants point to two common issues. First, they maintain that a key issue in both the Action and the Records Proceeding is whether, and if so to what extent, the Committee has standing and authority to pursue some or all of the causes of action of the Debtor. Second, they assert that a question central to both the Records Proceeding and the Action is whether the Committee has the authority to claim or waive any applicable privileges held by the Debtor as to the records. Although the Movants assert otherwise, this Court is not convinced that these issues do not implicate the special expertise of the Bankruptcy Court, a consideration that would normally lead a district court to prefer leaving a bankruptcy proceeding in a bankruptcy court.

■ The first issue, concerning the Committee's standing and authority to pursue claims of the Debtor, apparently involves an interpretation of the Confirmation Order and the general issue of the scope of authority of a Creditors' Committee, both of which appear to be within an area of general bankruptcy court expertise. Similarly, the issue of the Committee's authority to claim or waive any applicable privileges held by the Debtor falls within an area in which a bankruptcy court would have experience since it involves the relationship between a creditors' committee and a debtor. Moreover, the general policy of the Bankruptcy Amendments and Federal Judgeship Act of 1984 is that, except in unusual circumstances, the Bankruptcy Court hears all proceedings within its jurisdiction. *See Lesser v. A–Z Associates* (In re Lion Capital Group), 13 B.C.D. 132 (S.D.N.Y.1983). The Court concludes that the fact that there are related issues in a case before this Court does not constitute sufficient cause to withdraw from the Bankruptcy Court a proceeding which falls within the Bankruptcy Court's area of expertise.

■ The Movants make the second argument that since any order the Bankruptcy Court enters with regard to the Records Proceeding will affect subsequent discovery taken in the Action, the parties will be required to appear before both the Bankruptcy Court and this Court to resolve

the inevitable discovery disputes. While it is true that any order which the Bankruptcy Court enters might affect subsequent discovery, it does not follow that parties will need to appear before two tribunals. This Court is confident that it can interpret an order of the Bankruptcy Court sufficiently to resolve at least most discovery disputes on which such an order might bear.

Finally, the Movants' contention that since this Court is the court of appeals for the Bankruptcy Court it should hear the Records Proceedings in the first instance has no merit. The logical extension of that argument is that this Court should withdraw reference on any proceeding in the Bankruptcy Court which is reviewable by this Court. Surely, such an approach was not the intention of Congress in enacting 28 U.S.C. § 157(d). *See Lesser v. A–Z Associates* (In re Lion Capital Group), 13 B.C.D. at 136–37.

Accordingly, the Court finds that there is not sufficient cause to withdraw the reference to the Bankruptcy Court of the Records Proceedings and the Motion to Withdraw Reference is hereby DENIED.

So ORDERED.